UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD A. DISHMON, SR., | Case No. 2:25-cv-01794-APG-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| TEAM CAR CARE, LLC/JIFFY LUBE, | |
| Defendants. | |

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP"), which is complete and granted below. *See* ECF No. 2. In contrast, Plaintiff's Complaint (ECF No. 2-1) fails to state a claim upon which relief may be granted and, therefore, the Court dismisses the Complaint without prejudice and with one opportunity to amend.

**I.      Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship*

1  *v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.     Plaintiff's Complaint

Plaintiff asserts that he discovered coworkers were engaged in wrongdoing (alleged use of illegal drugs and customer property) against whom no action was taken. However, when he joked with a manager about teaching a supervisor to say "good job" to employees, he was fired. ECF No. 2-1 at 3. Plaintiff alleges these facts constitute a violation of Title VII of the 1964 Civil Rights Act. Plaintiff attaches a Notice of Rights (a "Right to Sue") letter to his Complaint demonstrating it is timely. *Id.* at 8.

To state a *prima facie* claim of discrimination in violation of Title VII Plaintiff must allege: (a) he belongs to a protected class; (b) he was qualified for the job for which he applied; (c) he was subjected to an adverse employment action; and (d) similarly situated employees not in his protected class received more favorable treatment. *See Shepard v. Marathon Staffing, Inc.*, 2014 WL 2527149, at *2 (D. Nev. June 4, 2014) (citing *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006)). Title VII, found at 42 U.S.C. § 2000e-2(b), states: "It shall be an unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin, or to classify or refer for employment any individual on the basis of his race, color, religion, sex, or national origin." Here, Plaintiff does not identify to what protected class he belongs, and does not allege any facts demonstrating similarly situated employees not in his protected class were treated more favorably. ECF No. 2-1, *generally*. Moreover, assuming Plaintiff is able to identify a protected class and similarly situated individuals not in protected class who were treated more favorably, Plaintiff has not provided a copy of his charge of discrimination or stated in his Complaint what protected classes

he identified on such charge. Thus, Plaintiff has not demonstrated exhaustion of his administrative rights, a prerequisite to bringing a claim in federal court under Title VII. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). Plaintiff's Complaint suffers from the same problem to the extent he is asserting a claim of retaliation. To state a prima facie claim of retaliation, Plaintiff must allege: (1) he engaged in a protected activity; (2) he suffered an adverse employment decision; and (3) there was a causal link between the protected activity and the adverse employment decision. *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987). Here, Plaintiff does not allege he engaged in protected activity as complaining about a supervisor's failure to appropriately recognize a good job by a subordinate is not activity protected by Title VII. A protected activity under Title VII includes: (1) opposing employment practices prohibited under Title VII, and (2) filing a charge, testifying, assisting, or participating in any way in an investigation, proceeding or hearing under Title VII. 42 U.S.C. § 2000e–3(a).

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint, ECF No. 2-1, is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Plaintiff's Complaint ECF No. 2-1 is to be filed on the docket, but shown as dismissed.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement of the grounds for Plaintiff's claims under Title VII of the 1964 Civil Rights Act by identifying what protected classes Plaintiff identified in his Charge of Discrimination, and what factual allegation he made in that Charge (or Plaintiff can attach the Charge to his Amended Complaint). Plaintiff must also provide a short and plain discussion of fact that describe Defendant's conduct constituting discrimination under Title VII based on a protected class. Plaintiff should include his Right to Sue letter (ECF No. 2-1 at 8) with his amended complaint.

IT IS FURTHER ORDERED that Plaintiff must file an amended complaint no later than **October 27, 2025**.

IT IS FURTHER ORDERED that failure to timely comply with this Order will result in a recommendation that this matter be dismissed in its entirety.

Dated this 26th day of September, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE