**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RONALD A. DISHMON, SR., | Case No.: 2:25-cv-01794-APG-BNW |
| Plaintiff | **Order (1) Granting Motion to Compel Arbitration, (2) Denying as Moot Motion for Extension of Time, and (3) Staying Case Pending Arbitration** |
| v. | |
| TEAM CAR CARE, LLC, d.b.a. Jiffy Lube, | [ECF Nos. 20, 21] |
| Defendant | |

Team Car Care, LLC (TCC) moves for an order compelling Ronald Dishmon to arbitrate this dispute. ECF No. 21.  Because Dishmon's claim is subject to a binding arbitration agreement, I grant the motion.  TCC also moves for an extension of time to respond to Dishmon's motion for default judgment. ECF No. 20.  I have already denied Dishmon's motion for default judgment, so TCC's request for an extension to respond to that motion is moot.

Dishmon began working for TCC in September 2024.  As a condition of his employment, he acknowledged that he was covered by TCC's Employment Dispute Resolution (EDR) Policy which "requires mandatory binding arbitration of employment disputes." ECF No. 21-2 at 2. The EDR "covers all disputes relating to or arising out of employment or the termination of that employment," and specifically includes claims under Title VII of the Civil Rights Act of 1964. *Id*.  Dishmon's amended complaint alleges TCC discriminated against him based on his race, in violation of 42 U.S.C. §2000e-2(a)(1). ECF No. 9 at 5.

When a party moves to compel arbitration, I am allowed to decide only two "gateway" issues: "whether the parties are bound by [the] arbitration clause" and whether the arbitration clause "applies to a particular type of controversy" in the case. *Howsam v. Dean Witter*

*Reynolds, Inc.*, 537 U.S. 79, 84 (2002); *see also Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015) ("A party seeking to compel arbitration has the burden under the FAA to show (1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue.").

TCC and Dishmon entered into a valid and binding arbitration agreement.  Dishmon electronically signed the EDR using his unique user ID and employee ID. ECF Nos. 21-1 at 3; 21-3 at 2.  Dishmon's opposition offers only conclusory allegations that he "was never aware of signing any type of agreement for employment" with TCC. ECF No. 29 at 2.  But TCC's declaration and documents belie that allegation. ECF Nos. 21-1 at 3; 21-3 at 2.  To the extent Dishmon believes TCC waived its right to arbitrate due to the EEOC's investigation (ECF No. 29 at 2), that issue can be addressed by the arbitrator. *Howsam*, 537 U.S. at 84 (quotation omitted) ("[T]he presumption is that the arbitrator should decide allegation[s] of waiver, delay, or a like defense to arbitrability.").  Finally, the EDR specifically covers Dishmon's claim.  Thus, I must compel arbitration of his claim.

I THEREFORE ORDER that TCC's motion to extend time to respond to Dishmon's motion for default judgment **(ECF No. 20) is denied as moot**.

I FURTHER ORDER that TCC's motion to compel arbitration **(ECF No. 21) is granted**. Dishmon is ordered to submit his claim to arbitration through the American Arbitration Association.  This case is stayed pending completion of that arbitration.  The parties must file a joint status report by the earlier of November 20, 2027 or 30 days after completion of the arbitration, and every six months thereafter until the arbitration is completed.

DATED THIS 21st day of April, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

2